**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Cedric Joseph Rue, Jr.,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Alfred Ramos,<br><br>　　　　　Respondent. | No. CV-15-02669-PHX-PGR (MHB)<br><br>ORDER |

Having considered *de novo* the Report and Recommendation of Magistrate Judge Burns in light of the respondent's Objections to Report and Recommendation (Doc. 40), the petitioner's Objection to Report and Recommendation of the Magistrate Judge (Doc. 41), and the parties' responses to each other's objections (Docs. 42 and 43), the Court finds that the parties' objections should be overruled, except to the extent set forth herein, because the Magistrate Judge correctly concluded that the petitioner's First Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 23) should be denied.[1]

---

[1] Although this habeas petition is a successive one, the petitioner has received the permission of the Ninth Circuit to file it. *See* Ninth Circuit's Order filed on April 13, 2016 in No. 15-72088.

The petitioner is currently serving a sentence of life imprisonment without the possibility of parole due to a conviction for first degree murder; he is also serving concurrent lesser sentences for theft and arson. He committed all of these felonies in 1998 when he was 16 years old.

The dispositive issue before the Court is whether the petitioner's life sentence without the possibility of parole violates the Supreme Court's subsequent decision in Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455 (2012).[2] Miller held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 132 S.Ct. at 2469. While the Supreme Court did not categorically bar life sentences without parole for juveniles, it did require the sentencing judge, before imposing such a sentence, "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* The Supreme Court noted that it thought that "appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon[,]" given the great difficulty of distinguishing between "the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption." *Id.*

The Supreme Court, determining that Miller had announced a substantive rule

---

[2] The Magistrate Judge concluded that the petitioner's habeas petition was filed one day late but determined that it was timely filed when equitable tolling was applied. The respondent, while concurring in the Magistrate Judge's recommended dismissal of the habeas petition as meritless, objects to the Magistrate Judge's timeliness analysis on the ground that the petition was filed at least two days late and that equitable tolling cannot properly be applied to make it timely. Since the Court finds that the habeas petition fails on its merits, the Court will presume the correctness of the Magistrate Judge's timeliness determination.

- 2 -

of constitutional law, made its Miller ruling retroactive to cases on collateral review in Montgomery v. Louisiana, 136 S.Ct. 718 (2016). The Supreme Court noted in Montgomery that Miller

> did more than require a sentencer to consider a juvenile offender's youth before imposing life without parole; it established that the penological justifications for life without parole collapse in light of the distinctive attributes of youth. Even if a court considers a child's age before sentencing him or her to a lifetime in prison, that sentence still violates the Eighth Amendment for a child whose crime reflects unfortunate yet transient immaturity.

136 S.Ct. at 734 (internal quotation marks and citations omitted). Because a court may not sentence a juvenile "whose crime reflects transient immaturity to life without parole[,]" the Supreme Court stated that the sentencing court must hold a "hearing where youth and its attendant characteristics are considered as sentencing factors[.]" *Id.* at 735 (internal quotation marks omitted).

The Arizona Court of Appeals, in reviewing the state trial court's dismissal of the petitioner's notice of postconviction relief, concluded in 2015 that the petitioner's sentencing judge properly applied the sentencing standard imposed by Miller.[3] The

---

[3]

The state appellate court determined in relevant part as follows:

... Under *Miller*, before imposing a natural life sentence, a court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison," namely the "diminished culpability" of children and their "heightened capacity for change." __ U.S. __, 132 S.Ct. at 2469.

In this case, the trial court considered evidence relating to prefrontal cortex development, as well as evidence of a "full neuropsych battery" done on Rue showing "that he does suffer from impulsivity and ... can change given his age." After considering that evidence, as well as evidence presented at trial and by the state, the court determined a

- 3 -

Magistrate Judge, pursuant to 28 U.S.C. § 2254(d)(1), concluded that this determination by the state appellate court was not "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." The Court concurs with the Magistrate Judge as to this issue because the record in this action demonstrates that the state trial judge provided the petitioner with the benefit of an individualized sentencing procedure that sufficiently considered his youth and attendant characteristics at the time of his offenses as subsequently required by Miller, and did so under a sentencing scheme that did not mandate a natural life sentence but instead afforded the possibility of discretion and leniency. *See* Aguilar v. Ryan, 2017 WL 2119490, at *5 (D.Ariz. May 16, 2017).

A review of the sentencing transcript reveals the following: while the petitioner was sentenced at the same hearing as a co-defendant, the petitioner was given an individualized sentencing; the sentencing judge stated that he had reviewed the petitioner's presence report, wherein the probation officer noted in relevant part regarding the petitioner's ability to change over time that "[t]he cold-blooded manner in which [the petitioner] committed this crime shows a complete lack of a conscience. Were he ever allowed back into society, it is entirely likely that [the petitioner] would kill again[;]" the judge stated that he had read the report of Dr. Parrish, a psychologist who had evaluated the petitioner in July 2001 through a neuropsychological test battery, which showed in part that the petitioner is likely to be manipulative and impulsive in his behavior and that his impulsivity is a "consistent characteristic" that "is part of his biology[;]" the judge considered in mitigation that

---

natural life sentence was appropriate. We cannot say *Miller* requires more[.]"

- 4 -

the petitioner was sixteen when he committed the murder, as well as the petitioner's argument regarding his underdeveloped prefrontal cortex, and his prior poor family situation; the judge also concluded that the petitioner had not shown any remorse for his crimes, and that the mitigating factors did not substantially affect the petitioner's judgment when he committed the murder. The judge sentenced the petitioner to life without parole only after determining that the aggravating factors outweighed the mitigating factors.

In his objections, the petitioner, acting through his CJA appointed counsel, argues that the Arizona Court of Appeals' decision was contrary to Miller because the sentencing judge did not make a substantive determination on the record that the petitioner's crime reflected irreparable corruption. The Court disagrees. Although the sentencing judge did not explicitly state that the petitioner was beyond redemption, the Supreme Court in Montgomery made it clear that "Miller did not require trial courts to make a finding of fact regarding a child's incorrigibility." 136 S.Ct. at 735; *see also*, Aguilar v. Ryan, 2017 WL 2119490, at *4 ("This Court therefore declines to interpret *Miller* to require a sentencing judge to make formal findings of fact regarding a juvenile offender's youth and attendant characteristics before imposing a life without parole sentence.")

The petitioner has also objected to the Magistrate Judge's unelaborated-upon recommendation that no certificate of appealability should be issued because the petitioner has not made a substantial showing of the denial of a constitutional right. The Court concludes that a certificate of appealability should issue regarding the Miller issue. As the Supreme Court has recently clarified, the inquiry regarding the issuance of a certificate of appealability "is not coextensive with a merits analysis" and that the threshold question of whether "jurists of reason could disagree with the

district court's resolution of [the applicant's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further" should be determined without "full consideration of the factual or legal bases adduced in support of the claims." Buck v. Davis, 137 S.Ct. 759, 773 (2017). While the Court concludes that the petitioner's sentencing did not violate the constitutional principles set forth in Miller, the Court cannot conclude that jurists of reason could not find the issue to be debatable. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 39) is accepted and adopted by the Court to the extent set forth in this Order.

IT IS FURTHER ORDERED that the petitioner's First Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 23) is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that leave to proceed on appeal *in forma pauperis* is continued pursuant to Fed.R.App.P. 24(3) and Ninth Circuit Rule 4-1(b).

IT IS FURTHER ORDERED that a certificate of appealability shall issue on the questions of whether this habeas action was timely filed and whether the petitioner's sentencing complied with the constitutional requirements set forth in Miller v. Alabama, 567 U.S. 460 (2012).

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 8th day of November, 2017.

Paul G. Rosenblatt
United States District Judge